STATE, use of THE COUNTY COMMISSIONERS OF CAR-
ROLL COUNTY, *vs.* STEPHEN R. GORE, IGNATIUS
GORE and others.

*Removal of Causes — Meaning of the word " Party "
as employed in the Constitution, Art. 4, sec. 8, and
in the Act of 1868, ch. 180.*

Where a case has been removed, on the suggestion of one of several defen-
dants, the right of removal at the instance of the defendants or any one
of them has been exhausted.

Either party to a cause has the right of removal, to be exercised only once;
but the term " party " as employed in the Constitution, Art. 4, sec. 8,
and in the Act of 1868, ch. 180, to regulate and give force to the con-
stitutional provision, when applied to civil causes, must be taken in a
collective and representative sense, where there are more persons than
one as plaintiffs or defendants.

APPEALS from the Circuit Court for Frederick County.

These two actions were separately instituted in the Circuit
Court for Carroll county on the official bond of the appellee,
Stephen, as collector of taxes for said county; the one dated
the 5th of April, 1855, the other dated the 11th of April,
1856. On the 10th of April, 1866, on the suggestion and
affidavit of the appellee, Stephen, the cases were removed to
the Circuit Court for Frederick county, where the same were
tried and a verdict was rendered in each case for the defen-
dants. Whereupon the plaintiff moved for a new trial and
the same was granted. On the 12th of October, 1869, on the
suggestion and affidavit of Ignatius Gore, one of the defen-
dants, the cases were removed to the Circuit Court for Howard
county. From these orders of removal, the present appeals
were taken.

The causes were argued before BARTOL, C. J., STEWART,
BRENT, MILLER, ALVEY and ROBINSON, J

*Wm. P. Maulsby, Jr.*, for the appellant.

The appeals were taken at the proper stage of the cases. *Griffin vs. Leslie*, 20 *Md.*, 15; *Negro Jerry vs. Townshend*, 2 *Md.*, 275; *Wright vs. Hamner*, 5 *Md.*, 375.

The same party is not entitled to have a second removal of the same case; the right of removal resides in the party plaintiff or defendant, and not in each of several plaintiffs or defendants. *Price vs. State*, 8 *Gill*, 295, 307, 308; *Constitution of 1867, Art. 4, sec. 8,* and the *Act of 1868, ch. 180.*

*Frederick J. Nelson*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

These cases having been moved from the Circuit Court for Carroll county, in which they were instituted, to the Circuit Court for Frederick county, on the suggestion of Stephen R. Gore, the first-named of the defendants, the right of removal at the instance of the defendants, or any one of them, was exhausted. Either party to the cause has the right of removal, not to be exercised, however, more than once; but the term "party," as employed in the Constitution, Article 4, section 8, and the Act of 1868, ch. 180, to regulate and give force to the Constitutional provision, when applied to civil causes, must be taken in a collective and representative sense, where there are more persons than one as plaintiffs or defendants, and, therefore, as there can be no severance, all applications to remove in such cases must be taken as made on behalf of all the persons constituting the party—plaintiffs or defendants, as the case may be. Any other construction would work the greatest inconvenience, if not, in many cases, a total defeat of all trial. For, if there should happen to be more individual defendants to a cause than there are judicial circuits in the State, (a thing of not unfrequent occurrence,) and each defendant had a separate and consecutive right of removal, as is claimed in the present instance, by electing to remove to a different circuit from that in which the cause might be at the

State, use of County Commissioners of Carroll County, *vs.* Gore, *et al.*

time depending, as could be done, it is easily seen how justice could be defeated, and the whole judicial power of the State put at defiance, by such a device. Certainly, the framers of the Constitution never contemplated a construction of the clause in regard to removal of causes that *could* lead to such a result. If, in the cases before us, the individual defendant, whose application was gratified by the Circuit Court for Frederick county, has the right to remove, the right equally exists to the remaining defendants; and they may each exercise the right, and, before these cases can be brought to trial, they may find their way into nearly every judicial circuit of the State, as there are seven defendants in each cause. Seeing to what consequences the construction contended for leads, we cannot, for a moment, suppose it to be sound; and we are, therefore, of opinion that the Circuit Court for Frederick county committed error in ordering the removal of these cases to the Circuit Court for Howard county. Its order, in both cases, will be reversed, leaving the cases to be tried in the Circuit Court for Frederick county, unless removed on application of the plaintiffs.

*Orders reversed.*

(Decided 17th June, 1870.)