## THE COUNTY COMMISSIONERS OF BALTIMORE CITY ET AL. vs. THE UNITED RAILWAYS, ETC., CO., ET AL.

*Removal of Cause by One of Several Defendants.*

Where an action is brought against several defendants, the cause cannot be removed to another jurisdiction for trial upon the application of one of the defendants when the removal is opposed by the co-defendants, because under Constitution, Art. 4, sec. 8, which empowers "either of the parties to the proceedings" to have a cause removed for trial to another Court upon suggestion under oath that he cannot have a fair trial in that Court, the word "parties" is to be taken in a collective sense, and the application is made on behalf of all the persons appearing either as plaintiffs or defendants.

Appeal from the Circuit Court for Baltimore County (BURKE, J.)

. .The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*Osborne I. Yellott* and *D. G. McIntosh, Jr.*, for the appellants.

This case involves the construction of the words "either of the parties" in the Constitution, Art. 4, sec. 8.

The appellants contend that these words, where there are several co-parties, contemplate a united party, and that the suggestion must, in one form or another, be made the joint act of all, before it can be said that *the party* has filed the suggestion. In such cases a removal can be effected in either of two ways, *first*, by the filing of suggestions by all the co-parties either separately or jointly; or *second*, by the filing of a suggestion by one co-party, and the failure of his co-parties to object thereto, in which event it could properly be taken to have been made on their behalf as well.

The appellees, on the other hand, contend that in such cases

the words "*either* of the parties" mean "*any* of the parties," and that the right of removal is therefore an absolute one in each individual party to the cause, to be exercised however, but once on either side.

The words "the party" or "the parties," or words of similar import, when used in connection with the removal of causes, have repeatedly been held by the highest Court in the land to mean both parties where there are two, or all of the parties where there are more than two.    20 *Am. & E. Ency.* (1 ed.), 977, 978; *Hanrick* v. *Hanrick*, 153 U. S. 193; *Grover* v. *Sewing Machine Co.*, 18 Wall. 553; *Removal cases*, 10 Otto. 457; *Pirie* v. *Tredt*, 115 U. S. 41; *Sloane* v. *Anderson*, 117 U. S. 275; *Plymouth Co.* v. *Amador Co.*, 118 U. S. 264. *Whelen* v. *N. Y., Etc., Co.*, 1 L. R. A. 65, gives a thoroughly comprehensive review and history of the law on the removal of cases on the grounds of citizenship, local prejudice, etc., citing many cases not referred to in this brief, and sustaining fully the contention of the appellants in the case at bar that in matters of removal the words "defendant," "defendants," "party" and "either party," and words of similar import, are to be taken in a collective sense, and to mean that the right of removal, absolute though it may be when properly exercised, is the right of the united party and not the individual right of the component parts of that party.    See also *Cook* v. *Bank*, 52 N. Y. 113; *Jones* v. *Judge*, 35 Mich. 494; *Wheton* v. *Brodhead*, 3 Cush. 356.

In the *Gore case*, 32 Md. 498, the only question before this Court for review, the previous removal having been had on the suggestion of one defendant who assumed to act for all, and who was tacitly permitted to act for all, was whether some other defendant could again assume to act for all, and this Court decided that question in the negative.    The case is widely different from the case at bar, where each of the appellees, being corporations, said "it" could not have a fair trial, and did not even assume to act for anyone else in express terms, and where in point of fact, as disclosed by the record, they were not acting for all.

The right of removal was not an absolute right.    Under the common law if a party conceived he could not have a fair trial in his own county, he could petition the Court for a change of venue, and if he could satisfy the Court of the facts stated in his petition, the Court could, in the exercise of a quasi-equitable jurisdiction, order the removal to an adjoining county.    It was not regarded as an *absolute right* in any sense, but as a matter resting within the sound judicial discretion of the Court.    2 *Tidd Pr.* 723;   2 *Chitty, Genl. Practice,* 646–7.

Never having been an *absolute right* in any sense, the right of removal was not an inseparable incident to the right to a fair trial, and the people in adopting the Constitution could not have considered it as such.

We are, therefore, left free to construe the words "either party" in our State Constitution as they stand, and a fair and reasonable construction of those words, whether we adopt their plain etymological meaning, the meaning placed upon them by this Court, or the meaning so repeatedly placed upon them by the U. S. Supreme Court, would require that they may be held to mean that no plaintiff or defendant has the right of removal under that Constitution unless he can properly and in fact, and either expressly or impliedly, ask it on behalf of the whole party, of which he is only a component part.

*The Constitution does not give the right of removal to the individual defendant*—it restricts it to ·"the party," and unless the individual is himself the entire party or can properly come before the Court as "the party" he is not entitled to such removal under that Constitution, and *cannot complain when he is denied something which the Constitution does not undertake to guarantee him.*

*R. R. Boarman* and *Elmer J. Cook* (with whom were *J. J. Lindsay, R. E. L. Marshall* and *Crain & Hershey* on the brief), for the appellees.

This Court decided, where a suggestion and affidavit for re-

moval is filed by one of several co-defendants, that it *must be taken* "as made on behalf of all the persons constituting the party—plaintiffs or defendants, as the case may be," and that no subsequent removal can be had by any of the other co-defendants, from the Court to which the case was removed. *State, use of County Commissioners* v. *Gore et al.*, 32 Md. 499; *Cooke* v. *Cooke*, 41 Md. 366.

One of the objects of the constitutional provisions is to guarantee to litigants freedom from local prejudice, such as might interfere with the fair and impartial administration of justice. In this case the appellants, believing that they can have a fair and impartial trial in the Court in which this case was instituted, have attempted to deprive the appellees of their right to have the case removed to some other Court, notwithstanding the fact that the appellees have filed a suggestion for removal, supported by affidavit, that they cannot have a fair and impartial trial in said Court. If the contention of the appellants were upheld by this Court, then it would only be necessary for a plaintiff to join some other individual with the defendant, and have that individual file an objection to removal, and after the jury was sworn in the case, to dismiss the case as to the said individual and thus deprive the real defendant of his constitutional right of removal.

The practice in the Courts of this State for the past ninety-seven years (since 1806), has been to remove a case without question, when the suggestion and affidavit for removal was filed by one of several co-defendants, in the Court in which the case was instituted. So far as we have been able to ascertain, it has never during this period, until the present case, occurred to a co-defendant to attempt to deprive his co-defendants of this constitutional right. This practice and judicial recognition is not without weight. *Baltimore Belt Railroad Company* v. *Baltzell*, 75 Md. 103. See also as to right of one party alone to remove a cause, *Whiton* v. *Brodhead*, 3 Cushing, 356.

BRISCOE, J., delivered the opinion of the Court.

Charles T. Cockey, Jr., a resident of Baltimore County, brought a joint action in tort on the 9th day of September, 1903, against the County Commissioners of Baltimore County, the West Arlington Improvement Company of Baltimore City, the United Railways and Electric Company of Baltimore and the Western Maryland Railroad Company, corporations, to recover damages for injuries caused by the alleged negligent construction of certain drains and culverts by the defendants so as to divert the natural flow of the surface water and to cause it to overflow and be discharged upon the plaintiff's property.

The defendants appeared to the action and pleaded the usual plea of "did not commit the wrongs alleged."

The United Railways and Electric Company of Baltimore and the Western Maryland Railroad Company, two of the defendants, and the appellees in this case, filed separate suggestions and affidavits for the removal of the case, wherein it was alleged that "it cannot have a fair and impartial trial, and prays the Court to order and direct the removal of the record of proceedings to some other Court having jurisdiction in the case."

On the 21st of December, 1903, the appellants, the County Commissioners and West Arlington Improvement Company, filed objections to the removal of the case, stating that "the suggestion was not filed with their assent or on their behalf, and that they object to the removal of the case from the Court, on such suggestions."

Subsequently, on the 29th day of December, 1903, the Court below passed an order directing that the record of proceedings, in the case, be transmitted to the Baltimore City Court for trial and from this order an appeal has been taken.

There is but one question raised on the record, and it is substantially this, whether one of several co-defendants, in an action at law, can have a case removed to another jurisdiction, when the suggestion is made on behalf of only one and the removal is resisted by the co-defendants.

The determination of the question rests upon the construction of sec. 8 of Art. 4 of the Constitution, and sec. 97 of Art. 75 of the Code of Public General Laws relating to the removal of cases.

By sec. 8 of Art. 4, of the Constitution it is provided, that in all suits or actions at law  *  *  *  upon suggestion in writing under oath of either of the parties to the proceedings, that such party cannot have a fair and impartial trial in the Court in which the same may be pending, the said Court shall order and direct the record of proceedings in such suit or action  *  *  *  to be transmitted to some other Court having jurisdiction in such case for trial.

It is urged upon the part of the appellants, that the construction of the words, "either of the parties" "or such party" as contained in the Constitution, means "both parties, where there are two, or all of the parties, where there are more than two co-parties and that the suggestion, must be made the joint act of all before it can be said that the party has filed the suggestion."

It is insisted, however, upon the part of the appellees that either party to the cause has the right of removal, and that "either of the parties" mean "any of the parties" and that where a suggestion for removal is made by one of several co-defendants, it must be taken as made on behalf of all the persons constituting the party, plaintiffs or defendants, as the case may be, and this contention was sustained by the Court below.

We cannot agree to the conclusion reached by the Court below or sanction its construction of the section of the Constitution here in controversy.  The cases in this Court and in the Federal Courts, hold that the right of removal resides in the party plaintiff or defendant and not in each of several plaintiffs or defendants.

In the case of *State, use of the County Commissioners of Carroll County* v. *Gore*, 32 Md. 498, it was held that either party to the cause has the right of removal, not to be exercised, however, more than once; but the term "party" as employed

in the Constitution, Art. 4, sec. 8, and the Act of Assembly, to regulate and give force to the constitutional provision, when applied to civil causes, must be taken in a collective and representative sense, where there are more persons than one as plaintiffs or defendants, as there can be no severance, all applications to remove "in such cases must be taken as made on behalf of all the persons constituting the party-plaintiffs or defendants, as the case may be. "Any other construction would work the greatest inconvenience, if not, in many cases, a total defeat of all trial. For, if there should happen to be more individual defendants to a cause than there are judicial circuits in the State (a thing of not unfrequent occurrence), and each defendant had a separate and consecutive right of removal, as is claimed in the present instance, by electing to remove to a different circuit from that in which the cause might be at the time depending, as could be done, it is easily seen how justice could be defeated, and the whole judicial power of the State put at defiance, by such a device. Certainly, the framers of the Constitution never contemplated a construction of the clause in regard to removal of causes that *could* lead to such a result. If, in the cases before us, the individual defendant, whose application was gratified by the Circuit Court for Frederick County, has the right to remove, the right equally exists to the remaining defendants; and they may each exercise the right, and, before these cases can be brought to trial, they may find their way into nearly every judicial circuit of the State, as there are seven defendants in each cause. Seeing to what consequences the construction contended for leads, we cannot, for a moment, suppose it to be sound."

.. The same decision was made in the more recent case of *Cooke* v. *Cooke*, 41 Md. 366, and the ruling made in *State* v. *Gore* (*supra*), was there approved and affirmed by this Court.

The questions presented and passed upon in those cases are decisive of this, and we do not deem it necessary to extend this opinion by the citation of cases from Courts of other States where the words "the party" or "the parties" when used in statutes, regulating the removal of causes, have been given a similar construction.

In the case at bar, the application for removal was not made on behalf of the corporations constituting the party defendant, but was made by each of the appellees, on their own behalf. And this application was resisted, by two of the party defendants, the appellants in this case.

As the right of removal resides in the party plaintiff or defendant and not in each of several plaintiffs or defendants, the Court below committed an error in directing the record of proceedings to be transmitted to the Baltimore City Court, and its order of the 29th of December, 1903, must be reversed. *State* v. *Gore*, 32 Md. 498; *Cooke* v. *Cooke*, 41 Md. 366; *Pirie* v. *Tredt*, 115 U. S. 41; *Sloane* v. *Anderson*, 117 U. S. 275; *Hanrick* v. *Hanrick*, 153 U. S. 195.

For the reasons given, the order of the Circuit Court for Baltimore County dated the 29th day of December, 1903, will be reversed and the cause remanded, with costs.

*Reversed and cause remanded, with*
*costs.*

(Decided March 22nd, 1904 )