## ELLIOTT *v.* LARRIMORE ET AL.

[No. 63, October Term, 1953.]

*Decided January 11, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*John G. Rouse, Jr.,* with whom were *Rouse & Morton* and *Louis M. Strauss* on the brief, for appellants.

*William Baxter,* with whom were *Daniel Eidman, III,* and *Eugene M. Childs,* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

This appeal is from the action of the trial court in denying a suggestion of removal by the original defendants in a tort action, a denial based on the refusal of a third party who had been impleaded to agree to the removal.

Mildred Larrimore, a passenger in a car owned by Harry Franklin Elliott, which struck a pole of the Consolidated Gas, Electric Light & Power Co. of Baltimore, an appellee, while being driven by his wife, Norma Elliott, sued the Elliotts, the appellants, in the Circuit Court for Anne Arundel County, alleging that she had sustained personal injuries which had been caused by their negligence. After leave of court had been obtained, the Elliotts filed a third party complaint against the

Gas Company, alleging that among other things, the Company had negligently erected an unlighted pole in such a manner that part of it had extended into the highway, as a result of which it was struck by the Elliotts' car and was the cause of the accident. Thereafter, the Elliotts filed a suggestion of removal, alleging, under oath, that they could not have a fair and impartial trial in the Circuit Court for Anne Arundel County, and praying the court to remove the case. The court passed an order of removal. The following day, the Gas Company moved that the Elliotts' suggestion of removal be refused. Hearing was held on this motion, and fifteen days after the original order, the Court entered a rescinding order, denying the request for removal. This appeal is from the last order. It is established that where the right is absolute an order granting or denying a suggestion of removal is an appealable order. *Griffin v. Leslie*, 20 Md. 15, 19; and *McMillan v. State*, 68 Md. 307.

The Constitution of Maryland, Section 8 of Article IV, provides that: ". . . upon suggestion in writing under oath of either of the parties to said proceedings, that such party cannot have a fair and impartial trial in the Court in which the same may be pending, . . .", the court shall order the record to be transmitted for trial in some other court having jurisdiction. Through the years, the cases have put a gloss on the apparently absolute right of removal. As a result, if there be more than one party on either side of the case, all of the plaintiffs or all of the defendants must join or acquiesce in the application for removal. *Taxicab Co. of Balto. v. Emanuel,* 125 Md. 246, 265; and *Baltimore County v. United Railways Co.,* 99 Md. 82, 87. Further, there can be but one removal a side, regardless of the number of parties on that side. *State, use of Carroll County v. Gore,* 32 Md. 498; *State, use of Harvey v. Baltimore & Ohio R. R. Co.,* 69 Md. 339, 348.

The Gas Company was brought into the case under the provisions of Rule 4 of the General Rules of Practice

and Procedure, Part 2, III. This rule is a successor to Section 26 of Article 50 of the Code, 1951 Edition, which was passed as the procedural complement to the substantive right of contribution among tortfeasors given by Sections 20 to 25 of Article 50, although the provisions of the present rule differ in some particulars from those of Section 26. For a full discussion of the roots and growth of third party practice, see the opinion in *Northwestern Nat. Ins. Co. v. Rosoff*, 195 Md. 421, 425, *et seq.*, written for the Court by Chief Judge Marbury. Under the rule as it now stands, a defendant, who claims that a person not a party to the action is or may be liable for all or part of the plaintiff's claim, may move to serve a summons and claim upon such person: ". . . as a third party". The granting of the motion is in the discretion of the court. If leave is granted, the defendant causes copies of the third party claim and the previous pleadings to be served on the new party, and so served, the third party makes his defenses in the claim against him and may assert counter-claims against the defendant or cross-claims against other third parties. The plaintiff or the third party may assert against the other any claim he has which arises out of the transaction or occurrence which is the subject matter of the plaintiff's claim against the defendant. To such claims, the other party asserts defenses, counter-claims, and cross-claims. The third party may proceed under the rule against any other person who: ". . . is or may be liable to him for all or any part of any claim made against him in the action." The court may make such orders as it thinks fit to regulate the conduct of the proceedings and to prevent injustice or unnecessary delay or expense. It may render one or more judgments appropriate to protect the rights of the parties.

It is obvious that the framers of the Constitution, in providing for removal did not contemplate that there were parties to an action who would not fit neatly into the category of either plaintiff or defendant. Never-

theless, it is clear that one who has been impleaded under Rule 4 is a party to the action. The rule itself designates the newcomer as a party. The cases support this view of his status. For example, a next friend, although not technically a party to the case, has been held to be such for the purpose of the right of removal. *Deford v. State, use of Keyser,* 30 Md. 179, 196. An intervenor who has been admitted by order of Court is a party to the action. *State ex rel. Lebeck v. Chavez,* (New Mexico) 113 P. 2d 179, 185. An impleaded third party is certainly an involuntary intervenor. It has been held explicitly that a third party defendant under the New York practice is a "party". *Portney v. United Engineers & Constructors, Inc.,* 82 N. Y. S. 2d 464; and *Reisen v. Pardes,* 98 N. Y. S. 2d 276.

There remains, then, the necessity to determine on which side of a case a third party is to be placed in relation to the right of removal. There are many indications that one who has been impleaded by a defendant is generally considered as substantially in the status of a co-defendant. Section 26 of Article 50 of the Code provided that the impleaded one be called "the third party defendant". Rule 4 does not use the term but merely calls him a "third party". Under Section 26, the original plaintiff was directed to amend his pleadings to assert against the third party defendant any claims he might have asserted if the new party had originally been sued as a defendant, and, consequently, the third party defendant was bound by the adjudication of the liability of the original defendant to the plaintiff, as well as of his own liability to the plaintiff and original defendant. In considering the effect of Section 26, Judge Marbury, in *Brotman v. McNamara,* 181 Md. 224, 231, in a dissenting opinion in which Chief Judge Bond joined, said this: "There does not seem to be any doubt that under the joint tortfeasors law the intention is to have the jury pass upon the liabilities of all parties in one case. If the plaintiff does not put them all in, the defendant can do so, *and*

*in such case the same result will be reached as if the* *added parties had originally been made defendants.* The fact that the plaintiff did not then amend his declaration cannot prejudice the rights of the defendants to have the others in." (Emphasis supplied.) In *Northwestern Nat. Ins. Co. v. Rosoff, supra,* where the procedure was under rule 4, Judge Marbury said this for the Court: "Where a third party is impleaded, he is in no worse situation than if he had been originally sued. Nothing final has been decided against him. He still has the opportunity to try his case, and if it goes against him, he can then appeal. No rights of the original plaintiff have been interfered with, because the result is only that he has *another defendant* in the case, against whom he may recover." (Emphasis supplied.)

Rule 4, in addition to the provisions to which we have averted, uses language which makes it plain that its difference from Section 26 does not alter substantially the status of an impleaded party. Under the rule, the plaintiff is not required to plead against the third party, although he may do so. Yet, the conduct of the case and its outcome are, for all practical purposes, the same as if the third party was an original defendant. Paragraph (b) provides: "The third party may also assert against the plaintiff on behalf of the defendant any defenses which the defendant has to the plaintiff's claim." Paragraph (c) provides: "The plaintiff may not assert against the third party in a separate action, instituted after the third party is impleaded, any claim which arises out of the transaction or occurrence that is the subject matter of his claim against the defendant in the pending action." Paragraph (d), dealing with the conduct of the proceedings, provides that: "Unless the court orders otherwise, the adjudication of a defendant's liability to the plaintiff shall be *res adjudicata* as to the third party as well as to the plaintiff and defendant."

Many variations may occur in a case under the flexibility provided for by Rule 4. The plaintiff, after the third party has come into the case, may plead against

him and certainly then, the status of the new party is not distinguishable from that he would have occupied had he been originally sued. There may occur what has happened in this case. The plaintiff may elect to proceed only against the original defendants. Nevertheless, under the provisions we have quoted, he is thereafter precluded from suing the third party as to any matter which he could have asserted against him in the pending case, and unless the court orders otherwise, the adjudication which emerges from the trial is binding on both the plaintiff and the third party. For his protection, the third party may utilize against the plaintiff the defenses available to the original defendants. We think for the purpose of removal, an impleaded third party in the situation before us in this record, must be classified as a co-defendant. Authority is meager on the question but such cases as are available support this view. See *Cowie v. Strohmeyer, et al.* (Wisc.) 136 N. W. 956, 977; and *Hubbard v. Mt. Raymond Mining Co.* (Calif.) 92 F. 2d 411. In *Portney v. United Engineers & Constructors, Inc., supra,* the Appellate Division of New York held that the original defendant and an impleaded third party were "parties on the same side" within the meaning of the Civil Practice Act of New York. Rule 536 of the Rules of the Supreme Bench of Baltimore City includes a third party in the category of a defendant for the purpose of the election of trial by jury. The appellant does not question the appellee's assertion, which we believe to be accurate, that the consistent and unchallenged practice has been to regard the third party as a defendant for the purpose of striking the jury panel, the same division or allocation of strikes being made between the defendant and the third party, as in the case of multiple original defendants.

The appellants say that the Elliotts and the Gas Company cannot be regarded as co-defendants because their interests: ". . . are not only dissimilar but hostile". This may well be true; yet it is also true often in a case where more than one defendant is sued by a plaintiff. Often

the principal contest as to responsibility is between the defendants, and a particular defendant may often have an interest in common with the plaintiff in establishing another defendant's fault. Here the allegations of the pleadings make out the common case of concurrent negligence of tortfeasors.

In any event, the rules give the trial court full power to prevent injustice and to facilitate order and justice. There may be cases in which the judgment of the trial court is that the application to implead a third party should be denied. *Northwestern Nat. Ins. Co. v. Rosoff, supra.* There are other cases in which the entry of the third party brings before the court a separate cause of action which should be tried as such. See discussion as to this in the opinion of Judge Chesnut in *Brown v. Hecht Co.,* (D. Ct. Md.) 78 F. Supp. 540. In *Chevassus v. Harley,* 8 F. R. D. 410, the court severed one of the claims from the others because it had developed that one of the original plaintiffs would become a third party defendant. A separate trial order was approved in *Shippers Pre-Cooling Service v. Macks,* 181 F. 2d 510. Rule 5 of the General Rules of Practice and Procedure, Part 2, III, authorizes the Maryland courts to order a separate trial of any claim, counter-claim, cross-claim, or third party claim, or of any separate issue. Thus, under the power given by Rules 4 and 5, the judge may order a separate trial or exercise substantially the same authority he has as to a consolidated trial or a joint hearing.

We need not and do not here consider or pass upon the right of a third party or a third party plaintiff to remove the case where a separate trial has been ordered. The early Maryland cases gave as one of the reasons why there could be but one removal for each side where there were multiple parties on a side, that there was no right of severance in a civil cause. *State v. Gore,* supra; and *Cooke v. Cooke,* 41 Md. 362. It may well be that the very wide discretion and power of regulation of the proceedings given the trial courts may obviate for a

534

long time the necessity of any decision on the question which we do not decide. *Northwestern Nat. Ins. Co. v. Rosoff*, supra; cf. *Wright v. Baker*, 197 Md. 315, 79 A. 2d 159.

All that we do decide here is that: (a) if the plaintiff pleads against the third party; or, (b) there has been no order of separation, the third party must be regarded as a defendant for the purpose of the right of removal.

*Order affirmed, with costs.*