EILEEN WARCHALL, INDIV. ETC. ET AL. *v.* JAMES PETER MURPHY ET AL.

[No. 119, September Term, 1974.]

*Decided November 18, 1974.*

---

14. Brief includes appendix not authorized by Md. Rule 1031.

The cause was submitted on brief to ORTH, C. J., and MOYLAN and GILBERT, JJ.

Submitted by *Aaron M. Levine* for appellants.

No brief or appearance for appellees.

ORTH, C. J., delivered the opinion of the Court.

This appeal is concerned with the absolute right of removal of a civil cause guaranteed by Art. IV, § 8 of the Constitution of Maryland as procedurally regulated by Maryland Rule 542.[1] The only question is whether the party seeking removal made timely suggestion.

---

1. Code, Art. 75, § 44, virtually identical with the Constitution's language, implemented the constitutional guarantee. The statute was repealed, effective 1 January 1974, when the Code provisions dealing with the courts and judiciary were revised. Acts 1973, First Extraordinary Session of the General Assembly of Maryland.

I

On 18 January 1973 Eileen Warchall, individually and as mother and next friend of Gregory Warchall, infant, filed an action in tort in the Circuit Court for Montgomery County against eight defendants, including one "Ruth Levy." [2] All of the defendants except Ruth Levy filed a plea in bar, three of them on 20 February 1973 and four of them on 1 March 1973. The summons as to Ruth Levy was returned *non est* on 6 February and 6 March. The docket entry as to her on 6 March reads: "Lie Dormant under Rule." On 16 July, upon petition filed 28 June alleging that the name "Ruth Levy" and the address given for her were erroneous, the court ordered that the declaration be amended by deleting that name and address and inserting instead the name "Patricia Levi" and her correct address. On 26 October a summons for personal service on her was issued. It was reissued on 31 October to the December return day and was returned "summoned" on 2 November. On 15 February 1974 Warchall filed a suggestion of removal, and upon hearing on 19 February it was denied. On 20 February the court ordered a separate trial as to the issues in count four of the declaration and directed that trial first proceed on the other five counts. On 22 February Warchall dismissed the cause against Patricia Levi, and on 18 March she noted an appeal from the order of 19 February denying her suggestion of removal.[3]

2. The defendants were Edward Feroli, M.D., Gordon Mella, M.D., Frank Pedreira, M.D., individually and as partners, James Peter Murphy, P.A., James Peter Murphy, M.D., Barbara Mella, M.D., Suburban Hospital Association, Incorporated, and Ruth Levy.

James Peter Murphy was sued in the first three counts, for fraud and deceit in counts one and two and for assault and battery in count three. Murphy, Levy and the Hospital were sued in count four for civil conspiracy. Feroli, Gordon Mella, Murphy, Pedreira, Barbara Mella and the Hospital were sued in counts five and six for medical malpractice.

3. The line noted an appeal also from an order of 20 February granting leave to the Hospital to file a motion raising preliminary objections as to charitable immunity *nunc pro tunc*, and from an order of the same date granting a separate trial on the fourth count. Warchall filed an identical line the next day. By our order of 9 May 1974 we dismissed the appeals from the orders of 20 February as prematurely taken and limited the appeal to the order of 19 February denying the removal. The order denying removal was immediately appealable because it involved the denial of an absolute constitutional right. *Smith v. Fredericktown Bank*, 258 Md. 141, 142. Ordinarily removal lies within the discretion of the trial court only as regards criminal cases not involving a capital offense. *Shreffler v. Morris*, 262 Md. 161, 165. See *Gibson v. State*, 17 Md. App. 246, 251-260.

Thus, the suggestion of removal was in this factual posture:

it was filed:
a) by the only plaintiff in the action;
b) more than 60 days after 7 of the 8 defendants had pleaded in bar;
c) before the 8th defendant, Patricia Levi, had pleaded in bar (the record does not disclose any plea filed by Patricia Levi), but after she had been summoned;
d) before the action had been dismissed as to Patricia Levi;
e) before a severance had been granted as to the 4th count of the declaration, the only count in which Patricia Levi was a party;
f) before a trial date had been set.

## II

The Constitution of Maryland, § 8 of Article IV, provides: ". . . in all suits or actions, at law issues from the Orphans Court, or from any court sitting in equity and in all cases of Presentments or indictments for offences, which are or may be punishable by death, pending in any of the courts of law in this State having jurisdiction thereof upon suggestion in writing under oath of either of the parties to said proceedings that such party cannot have a fair and impartial trial in the court in which the same may be pending . . .", the court shall order the record transmitted for trial in some other court having jurisdiction. Maryland Rule 542, which procedurally regulates this constitutional right, after providing in § a 1 for the removal of actions at law upon suggestion in accordance with the constitutional guarantee, provides in § a 3:

"The right of removal provided for in this Rule is waived by a party unless the written suggestion is filed within sixty (60) days after the action is at issue or after an issue from an Orphans' Court or appeal from a Workmen's Compensation Commission is filed, or within sixty (60) days of the

docketing of any action removed from another county or transferred from the District Court. Thereafter an action may be removed only by order of court for good cause shown." [4]

The crucial question is when was the action here at issue within the contemplation of the Rule.[5] Appellant simply asserts that the cause was at issue only when it was dismissed as to Patricia Levi.[6] She supports the assertion only by quoting the meaning of "at issue" set out in Black's Law Dictionary, Fourth Revised Edition, as "whenever the parties come to a point in the pleadings which is affirmed on the one side and denied on the other, they are said to be at an issue. *Willard v. Zehr*, 215 Ill. 154, 74 N.E. 107, 108." This leaves much at loose ends.

The Maryland Rules do not spell out when an action is at issue with respect to the right of removal. On the subject of "Joinder of Issue", however, Rule 312 a provides: "Formal joinder of issue shall not be necessary in any action and the action shall be deemed to be at issue upon the filing of the responsive pleading." This requires inquiry as to the meaning of "responsive pleading." Rule 5 v defines "pleading" to mean ". . . any paper filed in an action, setting forth a cause of action or ground of defense, or filed with the object of bringing an action to issue or trial or obtaining any

---

**4.** Subsection 3 was added to the Rule on 8 May 1972, effective 1 June 1972. Theretofore no time for the filing of the suggestion was designated in the Rule. Appellant does not question the validity of this additional gloss on the apparently absolute right of removal. See *Elliott v. Larrimore*, 203 Md. 526, 528. In any event, the rationale employed and the reasons given by the Court of Appeals in *Shreffler v. Morris*, *supra*, in upholding the constitutionality of the comparable Rule 542 of the Sixth Judicial Circuit, imposing a limit of 45 days within which a civil case may be removed (now pre-empted by § a 3 of the Maryland Rule), are fully applicable to the State-wide Rule.

**5.** The record submitted to us does not disclose any reasons advanced by the trial court for denying the suggestion of removal. Appellant states in her brief that it was denied ". . . upon the stated grounds that it was not timely filed." None of the appellees filed a brief.

**6.** Appellant states in her brief that the deposition of Patricia Levi was taken on 15 February 1974 and "[a]fter the deposition was completed it was apparent that Mrs. Levi had committed no actionable wrong against Appellants and the cause against her was dismissed on February 22, 1974." Mrs. Levi's deposition is not part of the record before us.

decision or act by the court including, but not limited to a declaration, bill of complaint, petition, motion, demurrer, dilatory plea, plea in bar, answer, demand for particulars, bill of particulars, exception, replication of an order of court requiring a reply . . . 'Original pleading' with respect to any defendant means the first pleading filed in an action against such defendant including a third (or subsequent) party claim under Rule 315 (Third Party Practice)." Thus, a "responsive pleading", without further limitation, could encompass any "pleading" in response to an original pleading. As such it would include, for example, a dilatory plea (Rule 341), a demurrer (Rule 345), and demand for particulars (Rule 346). We think, however, that "responsive pleading", when applied in the context of bringing an action to issue with respect to the right of removal, must be much more restrictive. We find it necessarily follows to obtain the patent objective of Rule 542 a 3 that a responsive pleading which brings an action to issue is a plea, responding to an original pleading, which is filed with the object of bringing the action to factual issue or to trial, that is, a plea going to the merits — a plea in bar. See Rule 342. It is when a defendant has filed such a plea that the action is at issue as to him within the contemplation of the removal rule.

We believe, however, that there is another circumstance which results in an action being at issue as to a defendant under Rule 542 a 3. It is when the time allowed a defendant for filing his first responsive pleading to the merits, which places the case at issue as to him, has expired. This is so because if a party against whom a claim is asserted in an action at law is in default for failure to comply with the requirements as to time allowed for pleading (unless the time be enlarged by the court, for good cause shown) judgment may be entered against him and thereupon the case proceeds *ex parte* as against such party. Rule 310 b. It follows that when a case has reached the point at which a judgment may be obtained against a party, the action is at issue as to that party. This view is buttressed by the rule concerning the time for election by a defendant of a jury trial. The Court of Appeals has analogized the right of

removal to the right to a trial by jury. *Caledonian Fire Ins. Co. of Scotland v. Traub*, 86 Md. 86, 93-94. See *Shreffler v. Morris, supra*, at 167-169. Rule 343 c reads: "A defendant, including a third party, shall make such election [for a jury trial] at or before *the time for filing his first responsive pleading to the merits, which places the case at issue as to him.*" (emphasis added) [7]

We conclude with respect to Rule 542 a 3 that an action is at issue as to a defendant [8] when he has filed a responsive pleading with the object of bringing the case to factual issue or to trial or when he is in default for failure to comply with the requirements as to time allowed for pleading.

What we have concluded determines only when an action is at issue under the removal rule with respect to an individual defendant. It seems that Rule 542 a 3 does not contemplate more than one defendant. At least it provides no direction when, as here, there are multiple defendants. We think, however, that the period within which the suggestion for removal must be filed does not start to run until the action is at issue as to all defendants. We note that it is firmly established that if there be more than one party on either side of the case, all of the plaintiffs or all of the defendants must join or acquiesce in the application for removal. *Elliott v. Larrimore, supra*, at 528, citing *Taxicab Co. of Balto v. Emanuel*, 125 Md. 246, 265 and *Baltimore County v. United Railways Co.*, 99 Md. 82, 87. Further, there can be but one removal a side, regardless of the number of parties on that side. *Elliott v. Larrimore, supra*, at 528, citing *State, Use of Carroll County v. Gore*, 32 Md. 498 and *State, Use of Harvey v. Baltimore & Ohio R.R. Co.*, 69 Md. 339, 348. See *Shreffler v. Morris, supra*, at 167.

---

7. We observe that the Rule as to Third Party Practice is no more definitive of the meaning of "at issue" than is Rule 542. Rule 315 b provides: "If more than 30 days have elapsed after the action is at issue such summons on a third party shall be issued only upon the consent of the plaintiff or upon a showing that the delay was excusable or does not prejudice other parties to the action."

8. For a discussion of a third party as a defendant for the purpose of removal see *Elliott v. Larrimore, supra*. We do not reach questions which may arise in the light of Rule 542 a 3 upon bringing in a third party or upon the joining of a new defendant by amended declaration.

## III

It is clear that the action before us on appeal was at issue as to all eight defendants at the time the suggestion of removal was filed by Warchall on 15 February 1974. As to three of them it was at issue when they filed their pleas in bar on 20 February 1973 and as to four of them, who filed such pleas on 1 March 1973, when the time for filing pleas had expired. It was also at issue as to the eighth defendant, Patricia Levi, because she was in default of pleading. The return day to which she had been summoned was "the first Monday of December next", namely 3 December 1973. She was required to plead within 15 days after the return day to which she was summoned. Rule 307 a 1. Fifteen days from 3 December was 18 December. Thus, on 19 December she was subject to a default judgment for want of a plea, the time allowed for pleading not having been enlarged by the court. Rule 310 b. It was on 19 December 1973 that the action was at issue as to all the defendants. Warchall had 60 days from 19 December 1973 under Rule 542 a 3 in which to invoke her right of removal. Sixty days from 19 December 1973 was 17 February 1974, a Sunday. The next day was a holiday. So she had until the end of 19 February 1974 to file the suggestion of removal. Rule 8. She filed it on 15 February 1974. Therefore, it was timely filed and should have been granted as a matter of right. We hold that the trial court erred in denying it.[9]

> *Order of 19 February 1974 denying suggestion of removal reversed; case remanded for entry of order of removal; costs to be paid by appellees.*

---

**9.** The order of 20 February 1974 granting a severance as to count four, and the dismissal of the cause as to Patricia Levi on 22 February 1974, both subsequent to the suggestion of removal and the denial thereof, have no bearing on our holding.