ANTON WEISKITTLE *vs.* THE STATE OF MARYLAND,
use of RACHEL SAMUEL.

*Right of Removal of Cases—Act of 1874, ch. 364, repealing
sec. 8, of Art. 4, of the Constitution of 1867.*

The right given by section 8, of Article 4, of the Constitution of 1867,
to a party seeking to remove his case, to have it removed to a
different circuit, if he should so elect, is abolished by the Act of
1874, ch. 364, amending said section; and it is now in the discretion
of the Court from which the case is removed, to order and direct
the record of proceedings in such case to be transmitted to another
Court, either within or without the circuit.

The removal of a case from the Court of Common Pleas, to the
Superior Court of Baltimore City, is a removal "to some other
Court," as provided for by section 8, of Article 4, of the Constitution.

APPEAL from the Court of Common Pleas.

This action was instituted on the 13th of September,
1880, in the Court of Common Pleas by the appellee
against Anton Weiskittle and Anton Weiskittle, Jr., to
recover damages for the killing on the 23rd of July, 1880,
of an infant child of the equitable plaintiff, Rachel Samuel,
a widow.    Said killing was alleged to have been the
result of the negligence of a servant of the defendants in
driving a wagon of such defendants over said child.    The
defendants appeared and pleaded *non cul.* and issue
was joined thereon.    On the 17th of February, 1881, the
appellant, one of the defendants, filed a suggestion and
affidavit for the removal of the case to some other Court
of a different circuit for trial.    The Court (BROWN, J.,)
thereupon, on the same day, passed an order directing
the record of proceedings in the case, to be transmitted
to the Superior Court of Baltimore City for trial.    On the

9th of April, 1881, the appellant filed a petition, praying the Court to strike out said order, and to pass another directing the case to be sent to some other Court of a different circuit, for trial. The Court overruled and denied the prayer of the petition.

From the order of the 17th of February, 1881, directing the removal of the case to the Superior Court of Baltimore City, and from the action of the Court denying the prayer of the petition, this appeal was taken.

The cause was argued before BARTOL, C. J., STONE, MILLER, IRVING and RITCHIE, J.

*Thomas R. Clendinen,* for the appellant.

*M. Starr Wiel,* and *Albert Ritchie,* for the appellee.

STONE, J., delivered the opinion of the Court.

Two questions have been presented in this record for our consideration.

1st. Whether a party in a civil action has, since the amendment made to the Constitution, by the Act of 1874, chap. 364, the right to remove his case to a *different circuit,* if he should so elect?

2nd. Whether a removal of the case from the Court of Common Pleas to the Superior Court of Baltimore City, is a removal "to some other Court," as provided for by sec. 8 of Art. 4 of the Constitution?

It is enough for the purpose of this decision to say, that none of the Constitutions that have been in force in this State, ever gave to the party seeking the removal of his case, the right to determine that it should go to a different circuit, except the Constitution of 1867. *That* Constitution did give the party applying for a removal, the unrestricted right to have his case removed, to a different circuit, if he should so elect.

After an experience of seven years it was found that the 8th section of the 4th Article of the Constitution of 1867, (the section that relates to removals,) did not work well in practice, and it was amended by the Act of 1874, ch. 364, which was adopted by the people, and is now a part of the organic law. It is asserted in the preamble of that Act, that it was to "supersede and stand in the place of sec. 8th, of Art. 4." The whole subject of removals was dealt with in that Act, and the original section in the Constitution of 1867 entirely recast. In the amendment, the right of election contained in the original section was omitted, and we cannot doubt, upon either reason or authority, that such an omission operated as a repeal of this right of election, and that now it rests in the discretion of the Court, from which the removal is sought, to send the case to some other Court having jurisdiction, either within or without the circuit, as it may think best.

We may concede that a repeal of a statute by implication is not favored by law. But where a new statute is passed, which is declared in terms to be a substitute for the old, and which embraces the whole subject-matter, those parts of the old statute which are left out in the new, are repealed and annulled. We must presume that such a statute was made for some purpose, and that purpose must necessarily be either the addition of some provision not in the old, or the repeal of something that is in it, or for both purposes. When therefore an important provision in the old statute is omitted from the new, (which was intended as a *substitute* for the old,) we must presume that the Legislature intended to repeal it, or that they were guilty of gross carelessness or ignorance, which is altogether inadmissible. *Montel & Co. vs. Consolidation Coal Co.*, 39 *Md.*, 164.

The rule is very clearly stated by the Supreme Court of the United States in *Stewart vs. Kahn*, 11 *Wallace*, 502, in which the Court says,

"It is a rule of law that where a revising statute, or one enacted for another, omits provisions contained in the original Act, the parts omitted cannot be kept in force by construction, but are annulled."

This rule, so laid down by the highest authority, applies with greater force, if possible, to constitutional amendments than to statutes passed by the Legislature.

A new statute *generally* in express terms repeals the old, which it is intended to supersede; but a new Constitution rarely, if ever, uses the word "repeal," but only employs such terms as we find in the preamble of the Act of 1874. Thus the Constitution of 1851 says: "It shall supersede the present Constitution." The Constitution of 1864 says, "It shall go into effect on 1st day of November, 1864," and the one now in force, "It shall go into effect on Saturday, the 5th day of October, 1867."

It is hardly necessary to say, that the right of election being thus expressly taken away by the constitutional amendment, is not continued in force by the Act of 1868, ch. 180 ; any other conclusion would make an Act of Assembly superior to the Constitution.

The second point made by the appellant, we think, is sufficiently answered by the Constitution itself.

Baltimore City is a complete Judicial Circuit, (the 8th) and in that circuit there are several distinct Courts, each with its distinct organization and jurisdiction defined in the Constitution.

The Superior Court of Baltimore City is one Court within that circuit, and the Court of Common Pleas is another, each with its separate machinery of officers, clerks and records, and at any stated period a different Judge and different juries. It is true, that the jurors are drawn from the body of the people at large in Baltimore City, but one panel is required to be drawn for the Superior Court, and a different one for the Court of Common Pleas.

The Superior Court of Baltimore City has jurisdiction in the case before us, and the removal thereto from the Court of Common Pleas, gratifies the constitutional provision of a removal to some other Court having jurisdiction, and we affirm the order appealed from.

*Order affirmed.*

