PRUDENCIO  DE  MURGUIONDO  *vs.*  HENRY  P.  FRAZIER.

*Removal of  a  Case—Act  of  1874,  ch.  364—Revised  Code  of
1878.*

Since the amendment to the Constitution by the Act of 1874, ch. 364,
a party suggesting he cannot have a fair trial in the Court wherein
his case is pending, has not the right to elect that it shall be sent
to some other Court in a different Circuit.

The Legislature in legalizing the Revised Code of 1878, and making
it evidence of what the law is, has made no change in the law
existing at that time; and where the Revised Code is found to con-
flict with the Code, or the statutes adopted since, the former must
yield, the latter being the best evidence of what the law is.

APPEAL from the Court of Common Pleas.

This suit was brought by the appellee against the ap-
pellant in the Court of Common Pleas, to recover a balance
of $328.00, alleged to be due for wages earned by the
plaintiff while employed by the defendant.    After issue
joined, the defendant filed a suggestion that he could not
have a fair and impartial trial in the Court where the case
was pending, and prayed that the record of proceedings
might be transmitted to some other Court, and of a different
circuit.    The Court, (FISHER, J.,) passed an order direct-
ing the record of proceedings to be transmitted to the
Superior Court of Baltimore City.    From this order direct-
ing the transmission of the record to the Superior Court
instead of some other Court of a different circuit, the de-
fendant appealed.

The cause was argued for the appellant, before ALVEY,
C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.,
and submitted on brief for the appellee.

*Benjamin F. Horwitz*, for the appellant.

De Murguiondo *vs.* Frazier.

*Robert H. Smith,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The question presented by this appeal is no longer open. It is settled by *Weiskittle's Case,* 58 *Md.,* 155. That case presented the identical question now raised, whether since the constitutional amendment of 1874, a party suggesting he could not have a fair trial in the Court wherein his case is pending, has the right to elect that it shall be sent to some other Court in a different circuit. It was there decided that not only did the amendment take the place of the 8th section of Article 4 of the Constitution of 1867, which did give such right, but that it also abrogated the Act of 1868, chapter 180, in so far as it recognized any such right. The contention that the Revised Code of 1878 by reproducing the Act of 1868 without excluding that provision respecting such right of election, restores such right notwithstanding the clear intention of the constitutional amendment, that such right shall not exist, is wholly untenable. By adopting the Revised Code as a convenient compilation of the statute law, and making it evidence of what the law is, the Legislature have not made any change in the law existing at the time of its adoption as such compilation; and in so far as it erroneously states the law as it is found in the Code, or the statutes adopted since, the Code and statutes remain the best evidence of what the law is, and the Revised Code of 1878 must yield, to them respectively, when in conflict with them. The discretion which is confided to the Courts, by the constitutional amendment as to where a case shall be taken when removed cannot be impaired or controlled by statute.

> *Order affirmed, and*
> *cause remanded.*