(Decided 20th November, 1885.)

---

THE ATLANTIC AND GEORGE'S CREEK CONSOLIDATED COAL COMPANY OF BALTIMORE *vs.* THE MARYLAND COAL COMPANY.

*Removal of a Case—Discretion of Court.*

A cause originating in Allegany County, was upon the suggestion of the plaintiff, removed to Washington County for trial. In the Circuit Court for Washington County, on the application of the defendant to have the case removed to some other Court of the same Circuit, the Court passed an order for its removal to Garrett County. Before the record was actually transmitted to the Circuit Court for Garrett County, and during the term, at which the order for removal was passed, the Court changed its order, and directed the record to be transmitted to the Circuit Court for Carroll County. During the same term, the defendant filed a petition, asking the Court to strike out Carroll, and re-insert Garrett in the order for removal. This petition the Court dismissed, and overruled the motion to strike out Carroll and re-insert Garrett. On appeal from the order of the Court changing the order for removal by striking out Garrett, and inserting Carroll, and from the order dismissing the petition of the defendant to restore the order to its original form, it was HELD:

That as the case had not been actually transmitted to the Court for Garrett County, to which it was removed, the jurisdiction of the Court passing the order was not ousted by the order, but continued, and the rescission of the order already passed, and the passage of a

Atlantic & George's Creek Consol. Coal Co. *vs.* Maryland Coal Co.

new order sending the case to another Circuit, was a proper exercise of the Court's powers and discretion, and such action was not subject to review on appeal.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, MILLER, IRVING, and BRYAN, J.

*Isidor Rayner,* and *William Brace,* for the appellant.

*R. T. Semmes,* and *William Walsh,* for the appellee.

IRVING, J., delivered the opinion of the Court.

This cause originated in Allegany County, and was, upon the suggestion of the appellee, who was plaintiff below, removed to Washington County. In the Circuit Court for Washington County the appellant, who was defendant below asked for the removal of the cause from that Court to some other Court of the same circuit, and the Court, on the 14th of May, 1885, passed an order for its removal to Garrett County. On the third day of June, 1885, before the record had been actually transmitted to the Circuit Court for Garrett County, the Circuit Court for Washington County changed its order, and directed the record to be transmitted to the Circuit Court for Carroll County. This change in the order was made during the same term at which the order for removal was passed. On the 17th day of June, during the same term, the appellant filed a petition asking the Court to strike out " Carroll " and re-insert " Garrett " County in the order for removal. This petition the Court dismissed, and overruled the motion to strike out " Carroll " and re-insert " Garrett." The appellant has appealed from the order of the Court changing the order for removal by striking out

304        MARYLAND REPORTS.

Atlantic & George's Creek Consol. Coal Co. *vs.* Maryland Coal Co.

"Garrett" and inserting "Carroll" and also from the order dismissing its petition to restore the order to its original form. In the original suggestion of the appellant for a removal from the Circuit Court for Washington County, the election was made that the removal should be to some other Court in the same circuit; and as there was but one other Court in the circuit to which it could go, viz., that of Garrett County, it was equivalent to a selection on the part of the appellant of that county in which to have the case tried.

In *Weiskittle's Case*, 58 *Md.*, 155, this Court decided that the right to elect whether a cause should remain in the circuit or be removed from it, (which the Constitution of 1867 gave to the person asking for removal from the Court in which the case was pending), was taken away by the amendment to the Constitution adopted in 1874, and no longer existed. In first directing the record, therefore, to be transmitted to the Circuit Court for Garrett County, the Court was not influenced by the election, but exercised the discretion which belonged to the Court.

The right to select the precise tribunal in which the case should be tried was never given to the party asking removal, but has always been the province of the Court. Having the discretion as to what Court the case shall be sent, so long as the cause remains under the control of the Court, and at least within the term, as is the case here, the Court ought to have the power to change its selection of the tribunal for the trial of the cause; and that right we think the Court does possess. In our opinion the case of *Seth vs. Chamberlaine*, 41 *Md.*, 186, is decisive of the question. In that case it was settled, that until the case had been actually transmitted to the Court to which it was removed, the jurisdiction of the Court, passing the order was not ousted by the order, but continued, and that the rescission of the order already passed, and the passage of a new order sending the case to another Court was a proper exercise of the Court's powers and dis-

cretion. This was held to be the law irrespective of the Act of 1874, ch. 94, which did not affect that case, having been passed after the question had arisen in the lower Court. That Act was passed to remove the doubt existing on the subject; a doubt which had found expression, in the lower Court in *Seth's Case,* adverse to the right of the Court in such case. The Act was not intended to be restrictive. It was intended to be enlarging, and it was supposed to be so; but the decision in *Seth's Case* in this Court, showed that it was not needed; because from the necessities of the case the right was inherent in the Court till the case had been sent to the Court which was to decide it. That Act cannot, therefore, be held to affect injuriously the jurisdiction of the Court existing independently of it and anterior to it; and it would be giving it an unnatural and unintended meaning to hold, that it restrained the Court from correcting and changing *ex mero molu,* an order of removal wherein its discretion was discovered to have been unwisely exercised. The object of the Constitution in providing for removals, without doubt, was to secure the parties an unbiased tribunal; and the prime object of the Court will always be to find the place most likely to afford one. In the opinion sent up with the record, it seems that one of the counsel for the appellee called the Court's attention to the matter, and the Court seeing its order already passed was improvident and unwise, it was immediately changed. It does not appear to have been done on any formal motion of the appellee. No matter from what source the Court gets information to aid its discretion, when exercised it must be regarded as properly done in the interest of justice. If the matter were the subject of review we see nothing to disapprove; but as the whole matter was the subject of discretion and unreviewable, we shall dismiss the appeal.

*Appeal dismissed.*

(Decided 20th November, 1885.)