MARZULLO *v.* KOVENS FURNITURE COMPANY OF BALTIMORE CITY, ET AL.

[No. 221, September Term, 1968.]

*Decided April 30, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, McWILLIAMS, FINAN and SINGLEY, JJ.

*Harry Goldman, Jr.,* for appellant.

*Jeffrey B. Smith,* with whom were *Theodore B. Cornblatt* and *Smith, Somerville & Case* on the brief, for appellees.

PER CURIAM.

Appellant, plaintiff below in a personal injury case, is disgruntled because a judge before whom the case came on for trial by a jury would not upon request disqualify himself and because, after the filing of a motion for and affidavit for removal, the judge removed the case to Howard County rather than to a court in Baltimore City.

Appellant requested disqualification because the appellee, defendant below, was represented by the law firm in which the judge had once been a partner and by which his son was employed. The judge, in refusing to disqualify himself, explained that during his first several years on the bench he had not heard or presided over cases in which his former firm had appeared since he still had a financial stake in the firm during that period and always had refused to participate in cases which were in the office when he left and in cases in which his son has been involved in any way, but that with these exceptions he has for some eight years tried many cases in which his former firm represented one of the litigants with no difficulties, untoward results or complaints. He added that if removal were requested, he would send the case to any court the parties agreed on.

Appellant, in requesting removal, asked to have the case sent to another court in Baltimore City, pointing out that several judges were available to hear it that day. Appellee asked that it

be sent to Howard County. The judge sent it to Howard County, saying that although he thought the appellant could have a fair and impartial trial in any of the courts of Baltimore City appellant and his lawyer felt otherwise, and since there was a constitutional right of removal, he would move the trial to Howard County because:

> "Howard County is a brief automobile ride from Baltimore City and is just as convenient as Towson and to many people it is as convenient as the Court House here in Baltimore City. So the request of defense counsel to send it to the Circuit Court of Howard County seems to be reasonable."

Appellant presents no question that is now reviewable by this Court. When appellant requested removal and the judge removed the case to another circuit, the question of the propriety of the judge presiding at the trial became moot and this Court ordinarily will not decide a moot question. If disqualification had to be discussed, we would say that under the circumstances there was no constitutional, legal or practical need for the judge not to sit in the case and, having been within his rights in not disqualifying himself, "* * * his action in that respect is not the subject of review." *Ex Parte Bowles,* 164 Md. 318, 326.

It is clearly and firmly established that a judge who orders the removal of a case has a sound discretion in determining the court either within or without the circuit to which the case will be sent. *Weiskittle v. Samuel,* 58 Md. 155, 156-157; *Atlantic & George's Creek Consol. Coal Co. v. Maryland Coal Co.,* 64 Md. 302; *Blick v. Cockins,* 131 Md. 625, 627-628 (a removal to a court suggested by the non-moving party may be "a manifestly fair and sound exercise of judicial discretion"); *Lee v. State,* 161 Md. 430, 432. Rule 568 of the Supreme Bench of Baltimore City does not, as appellant suggests, change this. It provides that if a case is removed from one common law civil court of the City to another it shall go back to the assignment commissioner to be reassigned. It does not purport to apply to the removal of a case to a court outside the City.

It is equally clearly and firmly established that an order granting removal is as to the party moving the removal an interlocu-

tory order that is not appealable. *Lee v. State, supra,* at pp. 432-434 of 161 Md., and cases cited; *Heslop v. State,* 202 Md. 123, 126.

> *Appeal dismissed, costs to be paid by appellant.*