MIDDLETON ET AL. *v.* MORGAN, an infant by Henry Morgan, her husband and next friend, and HENRY MORGAN, individually

[No. 30, September Term, 1971.]

*Decided October 15, 1971.*

The cause was argued before HAMMOND, C. J., and MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*John F. King,* with whom were *Robert H. Bouse, Jr.,* and *Anderson, Coe & King* on the brief, for appellants.

*Searle E. Mitnick,* with whom were *William H. Engelman* and *Berenholtz, Kaplan & Heyman* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

Marian Morgan and her husband sued two doctors in the Superior Court of Baltimore, alleging that in the course of an operation upon Mrs. Morgan the doctors had left inside her a surgical sponge, with consequent painful and harmful effects. The doctor replied in June 1969 that they did not commit the wrongs alleged and in February 1971 suggested to the court "that they cannot have a fair and impartial trial in this Court," and prayed the court "to order and direct the removal of the record of the proceedings in this case to some other Court having jurisdiction for trial." Judge Cole ordered the case removed to "some other court having jurisdiction," namely, the Court of Common Pleas of Baltimore City. He did this despite the urging of the movants that the case be sent outside Baltimore after they refused to tell him what, if any, prejudice they would suffer if the case were tried in the City. The movants were un-

varying in the non-specificity of their responses to various questions of Judge Cole as to the nature and extent of the claimed prejudice, saying that they were not required to go beyond the allegation in the suggestion of removal and that they are not "required to assign a reason [for the prejudice of Baltimore City jurors]." When Judge Cole persisted, asking "what has happened in the Baltimore community which gives a climate which would give your clients an unfair trial?" counsel replied: "I submit that I am not required to answer that to effectively exercise the defendants constitutional rights of removal." He said that the prejudice "extends throughout Baltimore City * * * throughout the entire community."

In their appeal from Judge Cole's refusal to send the case outside the City, the doctors say they were denied their constitutional right of removal guaranteed by Art. IV, § 8, of the Maryland Constitution. The claim is that the right of removal is given to enable escape from the prejudices of jurors in a given community and a removal from one court in Baltimore to another does not gratify the purpose and desired effect of the constitutional provision. Appellants recognize (but do not expressly acknowledge) that *Weiskittle v. State,* 58 Md. 155, decided in 1882, is flatly against their contention, holding as it did that a removal from one court in Baltimore City to another was a removal within the contemplation of the constitutional provision, but they strongly urge that the case should be distinguished because in 1882 each court in Baltimore drew its own panel of jurors and in 1971, although each court has its own panel, all the jurors are treated as a pool and may sit from time to time in any court.

We are not persuaded. In *Weiskittle,* Judge Stone for the Court said at pp. 156-159:

"It is enough for the purpose of this decision to say, that none of the Constitutions that have been in force in this State, ever gave to the

party seeking the removal of his case, the right to determine that it should go to a different circuit, except the Constitution of 1867. That Constitution did give the party applying for a removal, the unrestricted right to have his case removed to a different circuit, if he should so elect.

"After an experience of seven years it was found that the Constitution of 1867, Art. IV, § 8, (the section that relates to removals,) did not work well in practice, and it was amended by the Act of 1874, ch. 364, which was adopted by the people, and is now a part of the organic law. * * * In the amendment, the right of election contained in the original section was omitted, and we cannot doubt, upon either reason or authority, that such an omission operated as a repeal of this right of election, and that now it rests in the discretion of the Court, from which the removal is sought, to send the case to some other court having jurisdiction, either within or without the circuit, as it may think best.

*   *   *

"Baltimore City is a complete Judicial Circuit, (the 8th), and in that circuit there are several distinct courts, each with its distinct organization and jurisdiction defined in the Constitution.

"The Superior Court of Baltimore City is one court within that circuit, and the Court of Common Pleas is another, each with its separate machinery of officers, clerks and records, and at any stated period a different judge and different juries. It is true, that the jurors are drawn from the body of the people at large in Baltimore City, but one panel is required to be drawn for the Superior Court, and a different one for the Court of Common Pleas.

"The Superior Court of Baltimore City has jurisdiction in the case before us, and the removal thereto from the Court of Common Pleas, gratifies the constitutional provision of a removal to some other court having jurisdiction, and we affirm the order appealed from."

It is clear that the basis of decision in *Weiskittle* was not that each court in the City drew its own panel of jurors (this being no more than a passing observation), but that each court in the City was a distinct and separate court within a circuit and since the Constitution does not require a removal to be to a court without the circuit, a removal within the City gratified the constitutional right of removal. *Weiskittle* has been cited with approval and followed several times since 1882. See, for example, *De Murguiondo v. Frazier*, 63 Md. 94-96; *Atlantic & George's Creek Consol. Coal Co. v. Md. Coal Co.*, 64 Md. 302, 304; *Marzullo v. Kovens Furniture Co.*, 253 Md. 274, 276. In 1971 as in 1882 Baltimore City is still a circuit and the various courts within that circuit are still separate and distinct. We find *Weiskittle* to be controlling.

The plaintiffs below, the appellees, have moved to dismiss the appeal of the doctors on the ground that the action of the court in exercising discretion in the granting of a constitutional right is an interlocutory action (as opposed to the denial of the right which will give an immediate appeal, *Smith v. The Fredericktown Bank & Trust Co.*, 258 Md. 141) that will not be reviewed on appeal immediately, but only after final judgment when the appellate scrutiny on the point will be directed to whether there was an abuse of discretion. The motion must be granted.

It is established that the trial court must and does exercise discretion in selecting the court to which a case will be removed, and that the exercise of that discretion will be reviewed only after final judgment *Lee v. State*, 161 Md. 430, 432-434; *Marzullo v. Kovens Furniture Co.*,

*supra* at pp. 276-277 of 253 Md.; *Johnson v. State,* 258 Md. 597; *Pearlman v. State,* 226 Md. 67; *Raimondi v. State,* 8 Md. App. 468; *Smiley v. Atkinson,* 12 Md. App. 543, 550-551.

The dismissal of the appeal on the ground that it was taken prematurely will not affect the right of the doctors, if they appeal after final judgment, to bring before us for review their claim (as yet unarticulated) of the actual prejudice they suffered by reason of the trial being held in Baltimore.

*Appeal dismissed, costs to be paid by appellants.*