JOHN GORDON FIRSTMAN ET UX. *v.* ATLANTIC CONSTRUCTION AND SUPPLY COMPANY

[No. 116, September Term, 1975.]

*Decided October 3, 1975.*

286

The cause was argued before ORTH, C. J., and POWERS and MELVIN, JJ.

*Roy B. Cowdrey, Jr.,* with whom was *George J. Goldsborough, Jr.,* on the brief, for appellants.

No appearance for appellee.

ORTH, C. J., delivered the opinion of the Court.

## *REMOVAL OF ACTIONS AT LAW*

### Constitutional Provisions and Rules of Procedure

The "Judiciary Department" of this State is as authorized by article IV of the Constitution of Maryland. Section 19 of the article divides the State into eight Judicial Circuits. From two to five counties comprise each of the first seven Circuits, and Baltimore City constitutes the eighth. Section 1 of the article vests the "Judicial power" of the State in

certain enumerated courts, including "Circuit Courts" and "such Courts for the City of Baltimore, as are hereinafter provided for." Section 20 provides for a Circuit Court for each county, "to be styled the Circuit Court for the County, in which it may be held", with jurisdiction over law and equity actions and criminal causes. Section 27 provides for the Courts of the City of Baltimore: "There shall be in the Eighth Judicial Circuit, six Courts, to be styled the Supreme Bench of Baltimore City, the Superior Court of Baltimore City, the Court of Common Pleas, the Baltimore City Court, The Circuit Court of Baltimore City and the Criminal Court of Baltimore." The jurisdiction of these Courts is set out in § 28: "The Superior Court of Baltimore City, the Court of Common Pleas, and the Baltimore City Court shall, each, have concurrent jurisdiction in all civil common law cases, and concurrently, all the jurisdiction which the Superior Court of Baltimore City and the Court of Common Pleas now have, . . ." with designated exceptions which do not derogate from their general jurisdiction over actions at law.

In article 20 of the Declaration of Rights of the Constitution of Maryland the People of the State declared "That the trial of facts, where they arise, is one of the greatest securities of the lives, liberties and estate of the People." But the Constitution also recognizes that a party may not be able to have a fair and impartial trial in the court in which a case is pending. With respect to an action at law, article IV, § 8 provides that it will be ". . . transmitted to some other Court having jurisdiction in such case for trial . . .", ". . . upon suggestion in writing under oath of either of the parties to said proceedings that such party cannot have a fair and impartial trial in the court in which the same may be pending. . . ." Thus, a party in a law action, upon suggestion properly made, had one absolute right of removal to another court having jurisdiction. The right may be subject to reasonable procedural restraint to promote the administration of justice. *Dillon v. White's Ferry, Inc.*, 268 Md. 118 (1973); *Shreffler v. Morris*, 262 Md. 161 (1971). Maryland Rule 542 implements the constitutional provisions and sets out the procedural regulations governing the right

of removal. *Bullock v. State*, 230 Md. 280 (1962). Among other procedures, it requires, as does the Constitution, that the suggestion for removal be in writing under oath of either of the parties to the action. It also specifies that the suggestion may not be of counsel. Rule 542, § a 1. Section 3 of the Rule provides that the right of removal is waived unless the written suggestion is filed within 60 days after the action is at issue. See *Caledonian Fire Ins. Co. v. Traub*, 86 Md. 86 (1897). Thereafter, an action may be removed only by order of court for good cause shown.

Section 1 of Amendment XIV to the Constitution of the United States prohibits a state from denying to any person within its jurisdiction the equal protection of the laws.

It was the interplay of these constitutional provisions which provided the basis on which the Court of Appeals, in *Davidson v. Miller*, 276 Md. 54 (1975), held that the provisions of article IV, § 8, pertaining to removal of civil actions at law violates the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, and, therefore, was unenforceable "so long as the present multiple civil common law court system exists in Baltimore City." 276 Md. at 82.

## Judicial Construction

It was early decided by the Court of Appeals,[1] steadfastly followed,[2] and recently affirmed,[3] that the transfer of an action at law from one of the law courts of the Supreme Bench of Baltimore City to another of the law courts of the Supreme Bench of Baltimore City "gratifies the constitutional provision of a removal to some other court having jurisdiction." [4] *Johnson v. State*, 258 Md. 597, 600-603

---

1. Weiskittle v. State, 58 Md. 155 (1882).

2. DeMurguiondo v. Frazier, 63 Md. 94, 96 (1885); Atlantic & George's Creek Congol. Coal Co. v. Md. Coal Co., 64 Md. 302, 304 (1885); Marzullo v. Kovens Furniture Co., 253 Md. 274, 276 (1969).

3. Middleton v. Morgan, 263 Md. 154 (1971).

4. See Rule 568 of the Rules of the Supreme Bench of Baltimore City concerning the trial of a case removed from one common law civil court of

(1970) declared that a case is removed, not to be heard before another judge, but to be tried in a different locality, to rid the trial of the influence of such community or local bias or prejudice as would manifest itself in the locality in which the case originated.[5] The appellants in *Middleton v. Morgan*, 263 Md. 154, 156 (1971) relied upon this in contending that the Baltimore City practice of "a removal from one court in Baltimore to another does not gratify the purpose and desired effect of the constitutional provision." They recognized that the rule of law then existing was flatly against their contention, but they strongly urged "that the case should be distinguished because in 1882 each court in Baltimore drew its own panel of jurors and in 1971, although each court has its own panel, all the jurors are treated as a pool and may sit from time to time in any court." *Id.*, at 156. The Court was not persuaded. It said, at 158:

> "It is clear that the basis of decision in *Weiskittle* was not that each court in the City drew its own panel of jurors (this being no more than a passing observation), but that each court in the City was a distinct and separate court within a circuit and since the Constitution does not require a removal to be to a court without the circuit, a removal within the City gratified the constitutional right of removal. . . . In 1971 as in 1882 Baltimore City is still a circuit and the various courts within that circuit are still separate and distinct. We find *Weiskittle* to be controlling."

The petitioners [6] in *Davidson* made substantially the same

---

Baltimore City to another of such courts. It does not apply to criminal proceedings.

See also Maryland Rule 1200, § c 2 (b), under the heading "Removed Cases — Approval Authority", and Rule 5, § e providing that "Circuit" includes the Supreme Bench of Baltimore City.

5. Some of the cases supporting this view were decided before the legal sufficiency of the evidence in a criminal case was subject to review on appeal. See Ex Parte Bowles, 164 Md. 318, 328 (1933). But Johnson v. State, 258 Md. at 601-603 made clear that the right of removal does not depend on whether a case is to be tried before a jury or the court.

6. *Davidson* involved an automobile-pedestrian personal injury action. David Davidson and the Davidson Transfer and Storage Company,

claim, but presented it in a different posture. Whereas *Middleton* had simply affirmed the position of the Court of Appeals that the transfer of an action at law from one Baltimore City law court to another satisfied the removal provisions of the Constitution of Maryland, the petitioners in *Davidson* contended, not that such practice violated the Maryland Constitution, but that it denied them the equal protection of the laws guaranteed by the Constitution of the United States. Reassessing its view of article IV, § 8, in this light, a majority of the Court of Appeals [7] concluded that equal protection of the laws was indeed denied when, as to Baltimore City, the absolute right of removal permitted an action at law to be removed from one law court to another within the City, while, as to each county, the transfer of such action was from one county to another county. The Court held, therefore, that "the portion of Article IV, section 8, which reads 'and in all suits or actions at law, issues from the orphans' court, or from any court sitting in equity' and the other language relating to this . . . [as well as the language in Rule 542 relating thereto] is unenforceable so long as the present multiple civil common law court system exists in Baltimore City."[8] 276 Md. at 82. The effect of the holding was, in the words of Chief Judge Murphy in his dissent, "to excise all those provisions from § 8 of Art. IV of the Constitution of Maryland which afford litigants in civil law cases an automatic right of removal to another court

---

defendants below, appealed to the Court of Special Appeals from substantial judgments rendered against them. The case went to the Court of Appeals on *certiorari* before consideration of the appeal by the Court of Special Appeals. Courts Art. § 12-201.

7. Murphy, C. J. dissented to this part of the opinion of the Court. Pointing out that the majority concluded that "no reasonable basis conceivably exists for distinguishing between the scope of the automatic removal right granted to litigants in civil law cases in the Eighth Judicial Circuit from that authorized in the other seven judicial circuits of the State", even though "no evidence bearing on the matter" was adduced in the proceedings below, he thought "the opinion of the Court goes too far and accomplishes too much on a record devoid of supporting evidentiary justification." 276 Md. at 87-88.

8. The constitutional provision does not relate to equity cases. Olson v. Love, 234 Md. 503 (1964). Certain non-jury law cases are removable under the provisions. Greenberg v. Dunn, 245 Md. 651 (1967).

upon mere suggestion in writing, under oath, that a fair and impartial trial cannot otherwise be obtained. . . ."

## THE INSTANT CASE

Facts

On 5 September 1974 Atlantic Construction & Supply Company (Atlantic) instituted an action *ex contractu* in the Circuit Court for Talbot County against John Gordon Firstman and Joyce Firstman, his wife, (the Firstmans) by the filing of a declaration. On 14 October the Firstmans pleaded the general issue and further answered, averring that they did all things required of them under the contract but that it had been breached by Atlantic. Appended to the answer was a counterclaim to which Atlantic pleaded the general issue on 25 October 1974.

Atlantic attempted three times to have the action removed. The first two times the suggestion was improper in form.[9] The third Suggestion for Removal was filed on 24 December 1974, and the same day the court ordered the action removed to the Circuit Court for Caroline County for trial. On 26 December the Firstmans moved that the Suggestion for Removal not be received because it was filed too late. On 30 December they moved to strike the order of 24 December, giving for reasons that the Suggestion for Removal was not timely filed and that the order was entered without allowing them time to respond thereto. On 23 January 1975 the court found upon hearing that the Suggestion for Removal had been timely filed.[10] It denied the Motion to Strike and affirmed its order of 24 December 1974 removing the cause to the Circuit Court for Caroline County for trial. The Firstmans noted an appeal from the order of 23 January 1975 denying their Motion to Strike.

---

9. The first Suggestion was of counsel rather than the party and was not under oath. It was not acted on by the court. The second Suggestion, on the record before us, appeared to lack the oath and did not contain a statement of points and citation of main authorities as required by Maryland Rule 319. The court ordered removal but upon hearing granted a motion to strike the order.

10. It appears that the second basis given for the Motion to Strike was not pressed at the hearing and, therefore, was not determined by the court.

## The Status of the Appeal

On 21 April 1975, this Court, upon its own motion, dismissed the appeal as prematurely taken. On 2 May the Firstmans moved that we reconsider and rescind our order of dismissal. Upon reconsideration, we concluded that we erred in dismissing the appeal, and on 13 May we rescinded our order. We explain why we did so.

Ordinarily, a party may appeal from a final judgment entered in a civil case by a circuit court, Courts Art. § 12-301, which includes the various Supreme Bench courts, Courts Art. § 12-101 (d). The Court of Appeals said flatly in *Dunnigan v. Cobourn*, 169 Md. 110, 113 (1935):

> "The right of removal is conferred by article 4, section 8, of the Constitution of Maryland, and its denial or abridgement is ground for direct appeal. *Griffin v. Leslie*, 20 Md. 15, 19, 20; *Negro Jerry v. Townshend*, 2 Md. 274, 277; *Wright v. Hammer*, 5 Md. 370, 375; *Kimball v. Harman*, 34 Md. 401, 407; *McMillan v. State*, 68 Md. 307, 308, 309, 12 A. 8; *Seth v. Chamberlaine*, 41 Md. 186, 195; *Gittings v. State*, 33 Md. 458, 462; *Condon v. Gore*, 89 Md. 230, 234, 42 A. 900; *Tidewater Portland Cement Co. v. State*, 122 Md. 96, 99, 89 A. 327."

In *Greenberg v. Dunn*, 245 Md. 651 (1967), a non-jury action at law was removed at the instance of the plaintiff from the Superior Court of Baltimore City to the Circuit Court for Carroll County. The defendant's motion for recision of the order was denied and the defendant appealed. The Court observed, at 653:

> "The sole issue to be decided is whether the court had the power of removal under the circumstances. The appellee originally sought to dismiss the appeal on the ground that the order appealed from was interlocutory but now concedes that it was final and appealable under *Dunnigan v. Cobourn*, 169 Md. 110, 113; *McMillan v. State*, 68 Md. 307, 308; *Elliott v. Larrimore*, 203 Md. 526, 528."

The power of a court to remove an action is to be distinguished from the discretion of a court exercised in determining to which court a case shall be removed. The latter is an interlocutory action and will be reviewed only after final judgment. *Middleton v. Morgan, supra,* at 158-159. Here, the issue was whether the court below had the power to grant Atlantic an automatic removal in the circumstances. The court's action thereon is ground for direct appeal.

## The Propriety of the Suggestion for Removal

It is manifest that at the time of the order of 24 December 1974 removing the action from Talbot County to Caroline County for trial, Atlantic was entitled to the removal as a matter of right if there was compliance with the procedural regulations. The only question with regard to such regulations was whether Atlantic waived its absolute right of removal by failing to file a suggestion within 60 days after the action was at issue as required by Rule 542, § a 3. The suggestion was not filed within 60 days of the date of the filing of the plea by the Firstmans to the declaration. It was filed on the sixtieth day from the filing of the answer by Atlantic to the counterclaim. We think that the action here was at issue within the contemplation of Rule 542, § a 3, on 25 October 1974 when the answer to the Firstman's counterclaim was filed by Atlantic, and not on 14 October 1974, when the answer to Atlantic's declaration was filed by the Firstmans. In *Warchall v. Murphy,* 23 Md. App. 424, 429 (1974), we found that "it necessarily follows to obtain the patent objective of Rule 542, § a 3, that a responsive pleading which brings an action to issue is a plea, responding to an original pleading, which is filed with the object of bringing the action to factual issue or to trial, that is, a plea going to the merits — a plea in bar." [11] We think that here it was the

11. We also found that a case was "at issue" as to a defendant when he is in default for failure to comply with the requirements as to time allowed for pleading. 23 Md. App. at 430. There is no suggestion of such default here.

answer to the counterclaim which was the plea going to the merits which brought the action to factual issue, that is, the filing of that plea put the case in the posture of being ready for trial. See generally *Elliott v. Larrimore,* 203 Md. 526 (1954). As the suggestion was filed within 60 days from the filing of this plea, there was no waiver of the right of removal. See Rule 8. Therefore, Atlantic was entitled, under the status of the law on 24 December 1974, to an absolute right of removal.

### The Effect of *Davidson v. Miller, supra.*

Our conclusion that the action of the court below, in ordering the case removed for trial, and in denying a motion to rescind its order so doing, was proper under the law in effect on 24 December 1974, is not dispositive of this appeal. Pending the appeal, the law changed. The action of the court below was predicated upon the absolute right of Atlantic to have the cause removed as prescribed by the Constitution of Maryland. The constitutional provisions requiring the action taken by the court below are no longer enforceable by the dictate of *Davidson v. Miller, supra,* which, as we have indicated, declared that the constitutional provision as to absolute right of removal was unenforceable "so long as the present multiple civil common law court system exists in Baltimore City." We take judicial knowledge that it still exists. The question is, then, what effect does the *Davidson* holding have on the propriety of the order of 24 December 1974 transferring the action to Caroline County for trial.[12]

---

12. We think that the law as announced by an appellate court in its written opinion is in effect and controlling as of the date of the filing of the opinion, and remains the law unless subsequently changed. As to the requirement of the Court of Appeals to file an opinion in writing in every case, see art. IV, § 15, Constitution of Maryland. As to the requirement of the Court of Special Appeals to file an opinion in every case, see Rule 1092, § a.

The mandate, ordinarily issued thirty days after the opinion is filed, Rules 876, § b, and 1076, § b, evidences the action of the appellate court on the particular judgment appealed from, Rules 876, § a, and 1076, § a. It serves to direct the lower court to proceed according to its tenor and directions, Rules 876, § d, and 1076, § d. See Klopfer v. Werber, 264 Md. 419 (1972). The opinion announces the law; the decision is expressed in the opinion; the mandate is the order issued on the decision.

The view that the opinion fixes the law as of the date the opinion is filed

The right of removal of an action was the subject of the appeal in *Price v. Nesbitt*, 29 Md. 263 (1868). "An action of ejectment was instituted in the Circuit Court for Baltimore County, and upon the suggestion of the plaintiff's lessors, was removed to the Superior Court of Baltimore, in the year 1863. Shortly thereafter, on the 14th of September 1863, a suggestion for removal was made by one of the defendants, supported by affidavit that he could not have a fair and impartial trial, and asking that the cause might be removed 'to any Circuit Court authorized by the Acts of Assembly.' An answer resisting this application and traversing the averment of the suggestion, was not filed until the 14th of October, 1865, and thereupon the court (Martin, J.) overruled the suggestion for removal." The Court of Appeals found that under art. IV, § 9, of the Constitution of 1864, and the Act of 1865, ch. 187, then in force, the judgment of the lower court was right and proper. But art. IV, § 8, of the Constitution of 1867, and the Act of 1868, ch. 180, thereafter enacted, largely extended the right of removal, so that under the law existing at the time the case was before the Court of Appeals, the denial of the suggestion for removal was wrong and improper. It was argued that the appeal must be governed and decided by existing laws at the time of consideration by the appellate court without regard to what were the provisions of the former law. The Court said:

"In *U. S. v. Sch'r Peggy*, 1 Cranch, 110, Chief Justice Marshall says: 'It is, in the general, true that the province of an appellate court is only to inquire whether a judgment when rendered was void or not. But if subsequent to the judgment, and before the decision of the appellate court a law

is supported by one of the retroactivity tests followed by the Supreme Court of the United States, Johnson v. New Jersey, 384 U. S. 719, 733 (1966), declared that Escobedo v. Illinois, 378 U. S. 478 (1964) and Miranda v. Arizona, 384 U. S. 436 (1964) applied to cases "commenced after these cases *were announced.*" (emphasis added). Stovall v. Denno, 388 U. S. 293, 296 (1967) stated that United States v. Wade, 388 U. S. 218 (1967) and Gilbert v. California, 388 U. S. 263 (1967) affected "only those cases and future cases which involved confrontations for identification purposes conducted in the absence of counsel after *this date*," 12 June 1967, when the opinion was filed. (emphasis added).

intervenes, and positively changes the rule which governs, the law must be obeyed or its obligation denied.' This doctrine has been recognized and settled by this court in *Atwell v. Grant*, 11 Md. 104; *State v. Norwood*, 12 Md. 206; *Keller v. State*, 12 Md. 326, and will be applied to the decision of this case." 29 Md. at 266.

It reversed the judgment, finding, under existing laws, that the appellant was entitled to a removal of the cause. The same rule was set out and applied in *Wade v. St. Mary's Industrial School*, 43 Md. 178 (1875), the Court stating, at 181:

"It is a settled doctrine, that courts in deciding questions arising before them, will look to the law as it is at the time, and are not to be governed by what it may have been — unless proceedings under a prior existing law had been complete, or rights had become vested. This principle has been held to apply as well to cases before an appellate court, as to those that are pending in courts of original jurisdiction."

To like effect see *Turner v. Bryan*, 83 Md. 373, 374 (1896); *Cockerham v. Children's Aid Society*, 185 Md. 97, 102 (1945); *Woman's Club v. State Tax Comm.*, 195 Md. 16, 19 (1949); *Yorkdale v. Powell*, 237 Md. 121, 124 (1964). See also *Young v. State*, 14 Md. App. 538, 554, and n. 12 at 555-556 (1972).[13] The Court put it thus in *Yorkdale v. Powell, supra*, at 124:

"Maryland consistently has followed the rule that 'an appellate court is bound to decide a case according to existing laws, even though a judgment rightful when rendered by the court below should be reversed as a consequence,' as Judge Markell, for the Court, repeated in *Woman's Club v. State Tax Comm.*, 195 Md. 16, 19 (or, it may be noted, even when a judgment wrong when rendered is made

---

**13.** *Young* did not apply the rule. It was decided on the question of legislative intent.

right by the change in the law). See also for this proposition that a change in the law after a decision below and before final decision by the appellate Court will be applied by that Court unless vested or accrued substantive rights would be disturbed or unless the legislature shows a contrary intent, *Keller v. State*, 12 Md. 322; *Day v. Day*, 22 Md. 530; *Gordy v. Prince*, 175 Md. 688; *Cockerham v. Children's Society*, 185 Md. 97; and *Tudor Arms Apts. v. Shaffer*, 191 Md. 342."

The quote from *United States v. Schooner Peggy*, 1 Cranch 103, set out in *Price v. Nesbitt, supra,* is enlarged in *Linkletter v. Walker*, 381 U. S. 618 (1965) at 626 and in n. 8 at 623. This additional language appears: ". . . the court must decide according to existing laws, and if it be necessary to set aside a judgment . . . which cannot be affirmed but in violation of law, the judgment must be set aside." [14] The opinion of the Court in *Linkletter* went back to the common law, at 622-623:

"At common law there was no authority for the proposition that judicial decisions made law only for the future. Blackstone stated the rule that the duty of the court was not to 'pronounce a new law, but to maintain and expound the old one.' 1 Blackstone, Commentaries 69 (15th ed. 1809)." (footnotes deleted)

The Court observed, at 623:

"This Court followed that rule in Norton v. Shelby County, 118 U. S. 425, 6 S. Ct. 1121, 30 L. Ed. 178 (1886), holding that unconstitutional action 'confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed.' At 442, 6 S. Ct. at 1125."

---

14. Linkletter contains an outline of the history of the rule and an interesting discussion of it, pro and con. 381 U. S. at 622-629.

The Court concluded, at 627, that under its cases it appeared "that a change in the law will be given effect while a case is on direct review", and "[t]hat no distinction was drawn between civil and criminal litigation. . . .", citing cases. It noted, at 628: "While the cases discussed above deal with the invalidity of statutes or the effect of a decision overturning long-established common-law rules there seems to be no impediment — constitutional or philosophical — to the use of the same rule in the constitutional area where the exigencies of the situation require such an application." It believed "that the Constitution neither prohibits nor requires retrospective effect." At 629. See *Wiggins v. State*, 275 Md. 689 (1975).

The short of it is that in reviewing the propriety of the action of the lower court in this case, we apply the law as declared in *Davidson v. Miller, supra.*

When the holding of *Davidson* is applied to the order issued by the trial court on 23 January 1975, wherein it denied the motion to strike the order of 24 December 1974 removing the case to Caroline County for trial and expressly affirmed the removal order, it is patent that the order was improper. Without question, the denial and affirmance were predicated upon the absolute constitutional right of Atlantic to have the action removed, a right to be granted automatically upon proper suggestion, which the court found had been made. But *Davidson* declared that the constitutional provision bestowing the right could not be constitutionally enforced, so that in legal contemplation it was as inoperative as though it had never been adopted. We vacate the order of 23 January 1975 and the order of 24 December 1974. Maryland Rule 1075, § a.

Our vacating the order of 24 December 1974 removing the action to the Circuit Court for Caroline County for trial, places the case back in the Circuit Court for Talbot County, but it does not dispose of this appeal. The majority in *Davidson* hastened to point out, 276 Md. at 83, that the effect of the ruling "will in no way deprive or otherwise curtail the circuit courts of the counties or the circuit-level civil courts of Baltimore City from exercising their common

law discretionary power (which is subject to appellate review for abuse) to remove an action to another jurisdiction, within or without the circuit, in order to rid the case of any prejudicial barnacles which, because of local prejudice, passion or interest, may have attached; thus, as near as is reasonably possible, an action's consideration by a fair and impartial jury can be insured. *Shreffler v. Morris,* 262 Md. 161, 277 A. 2d 62 (1971); *Heslop v. State,* 202 Md. 123, 126, 95 A. 2d 880 (1953); *Negro Jerry v. Townshend,* 2 Md. 274, 278 (1852); *Price v. State,* 8 Gill 295 (1849)." Thus, despite the unenforceability of the automatic, absolute right of removal provided by the Constitution of Maryland, a party to a law action, having made proper suggestion that he cannot have a fair and impartial trial in the court in which the action is pending, is entitled to the opportunity to make it satisfactorily appear to that court that such suggestion is true, or that there is a reasonable ground that it is true. If he succeeds in making it so appear, the case should be removed in the sound exercise of judicial discretion. We, therefore, remand the case to the Circuit Court for Talbot County with direction that, if Atlantic so desires, a hearing be conducted within such reasonable time as that court may designate. At the hearing, Atlantic shall be afforded the opportunity to show that its suggestion that it cannot have a fair and impartial trial in the Circuit Court for Talbot County, is true or that there is reasonable ground that it is true, and the Firstmans shall be afforded the opportunity to contravene the truth of the suggestion. Upon the hearing, the court below shall take such action with respect to the suggestion as is appropriate.

*Order of 23 January 1975 vacated; order of 24 December 1974 vacated; case remanded for further proceedings pursuant to this opinion; costs to be paid one-half by appellants and one-half by appellee; mandate to issue forthwith.*