PHILIP A. BEACH ET UX. *v.* GEORGE J. MUELLER ET UX.

[No. 1247, September Term, 1975.]

*Decided June 30, 1976.*

The cause was argued before MORTON, POWERS and MASON, JJ.

*Arold H. Ripperger* for appellants.

George J. Mueller in proper person for appellees.

POWERS, J., delivered the opinion of the Court.

This case of ejectment and trespass, brought in the Circuit Court for Anne Arundel County to settle a boundary dispute between adjoining landowners, was removed to and tried in the Circuit Court for Baltimore County. Because the removal was improper, we must vacate the order of removal and all proceedings which followed.

George J. Mueller and his wife filed their declaration against Philip A. Beach and wife in two counts, one in ejectment and one in trespass. After a demurrer had been overruled, and the Beaches had filed pleas in bar, the Muellers filed, on 24 June 1974, a suggestion for removal, duly verified, but stating only "that they cannot have a fair and impartial trial in this Court", and praying that the court order the removal of the record to some other court for trial.

Mr. and Mrs. Beach filed an answer opposing the removal. They asserted, "That a bare allegation that the Plaintiffs 'cannot have a fair and impartial trial in this Court' without a statement of reasons therefore and/or evidence in support thereof, as a matter of law is insufficient to permit the removal requested." They moved for a hearing.

The court held a hearing, at which no evidence was taken, after which it entered an order on 5 August 1974 "that the record of these proceedings, and a copy of the docket entries in this case, be transmitted to Circuit Court for Baltimore County for trial." The record was transmitted to Baltimore County, and the trial there resulted in a jury verdict in favor of Mr. and Mrs. Mueller. A judgment absolute was entered on the verdict. Mr. and Mrs. Beach appealed from that judgment.

Appellants assert numerous errors, but we need not, nor indeed could we properly consider anything that occurred after the removal was ordered.

It is perfectly clear that in signing the order for removal the Circuit Court for Anne Arundel County was acting under the provision of the Constitution of Maryland, Art.

IV, § 8, which for 100 years has been thought to guarantee a non-discretionary right of removal in most civil actions at law.

In *Davidson v. Miller*, 276 Md. 54, 344 A. 2d 422 (1975), the Court of Appeals had before it a constitutional contention which the Court said, "raises for the first time the issue of whether the right of removal granted by Article IV, section 8, of the Maryland Constitution violates the 'Equal Protection Clause' contained in the Federal Constitution." At 63. The Court undertook a thorough analysis of the effect of the constitutional right of removal upon parties in civil law cases in the City of Baltimore and in the counties of Maryland. The Court concluded, at 82-83:

> "Having considered and rejected the preceding potential justifications for the removal inequality between Baltimore City civil law litigants and those elsewhere in the State as is permitted by Article IV, section 8 of the Maryland Constitution, and since no other rational basis is evident, we must conclude that whatever basis, if any, may have existed originally for the enactment has evaporated such that no reasonable justification now exists. Thus it is in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. This constitutional right of automatic removal might be saved from interment were we able to read Article IV, section 8, as requiring that civil common law cases brought in the Eighth Circuit must, upon application, be removed only to a court outside Baltimore City. But such is not possible, as the pertinent part of this constitutional provision is clear in stating that in the discretion of the judge removal may be 'to some other court having jurisdiction,' be that court located within or without the City, and Article IV, sections 27 and 28, provide for three civil common law courts in the Eighth Circuit. It is this discretionary factor, which, when considered in light of our previous discussion, renders the pertinent portion of Article

IV, section 8, unconstitutional on its face. Consequently, we hold that the portion of Article IV, section 8, which reads 'and in all suits or actions at law, issues from the orphans' court, or from any court sitting in equity' and the other language relating to this (all of which is italicized in the constitutional provision quoted earlier in this opinion) is unenforcible so long as the present multiple civil common law court system exists in Baltimore City.

"The effect of this ruling, we hasten to point out, will in no way deprive or otherwise curtail the circuit courts of the counties or the circuit-level civil law courts of Baltimore City from exercising their common law discretionary power (which is subject to appellate review for abuse) to remove an action to another jurisdiction, within or without the circuit, in order to rid the case of any prejudicial barnacles which, because of local prejudice, passion or interest, may have attached; thus, as near as is reasonably possible, an action's consideration by a fair and impartial jury can be insured. *Shreffler v. Morris*, 262 Md. 161, 277 A. 2d 62 (1971); *Heslop v. State*, 202 Md. 123, 126, 95 A. 2d 880 (1953); *Negro Jerry v. Townshend*, 2 Md. 274, 278 (1852); *Price v. State*, 8 Gill 295 (1849)."

Shortly after *Davidson* was decided, this Court was confronted with a removal question in *Firstman v. Atlantic Constr. & Supply*, 28 Md. App. 285, 345 A. 2d 118 (1975). Speaking through Chief Judge Orth we noted the effect of the ruling by the Court of Appeals in *Davidson*. Recognizing that the order of removal then before us was proper under the law at the time it was made, we concluded that in reviewing the propriety of the action of the lower court, we must apply the law as declared in *Davidson v. Miller, supra.* We applied the *Davidson* ruling. We said that a constitutional provision that could not be constitutionally enforced was, in legal contemplation, as inoperative as though it had never been adopted. 28 Md. App. at 298. We

vacated the order of the Circuit Court for Talbot County removing the case to the Circuit Court for Caroline County for trial.

We referred to the reminder in *Davidson*, 276 Md. at 83, that the courts retained a common law discretionary power of removal. We said in *Firstman*, at 299:

> "Thus, despite the unenforceability of the automatic, absolute right of removal provided by the Constitution of Maryland, a party to a law action, having made proper suggestion that he cannot have a fair and impartial trial in the court in which the action is pending, is entitled to the opportunity to make it satisfactorily appear to that court that such suggestion is true, or that there is a reasonable ground that it is true. If he succeeds in making it so appear, the case should be removed in the sound exercise of judicial discretion."

We are mindful of the consequences of vacating the order of removal in this case. There has been a jury trial, proceeding to verdict and final judgment. In *Firstman*, there had been no trial. If there had been no timely objection below to the removal of this case, we would decline to consider on appeal a contention which involves only venue, not jurisdiction. Maryland Rule 1085. But there was timely opposition below to the removal. The opposition raised squarely the lack of stated reasons for removal, and of supporting evidence.

To call upon a court to exercise its common law discretionary power to remove a case, there must be a showing of reasons and, if necessary, evidence. And, as shown in *Davidson*, there is no constitutional right to a non-discretionary removal.[1]

One of appellants' contentions relates to an interlocutory ruling in the Circuit Court for Anne Arundel County before the case was removed. They assert that the court erred

---

1. By Acts of 1976, ch. 454, effective 1 July 1976, there will be a statutory right to a non-discretionary removal to another county or to another circuit, at the option of the party invoking the right.

when it overruled their demurrer to the declaration filed in the case. As we have said, the declaration was in two counts, one in ejectment and one in trespass.

The demurrer made no attack whatever upon the sufficiency of the allegations of either count of the declaration. The sole basis of the demurrer was a series of factual allegations concerning another case which had been tried in the same court which, it was contended, supported a defense of *res judicata.* In 1 Poe, *Pleading and Practice* (Tiffany's Edition, 1925), § 705, the author says:

> "Technically, a demurrer is an admission of the truth of the facts alleged in the opposite pleading, but a denial that the facts thus admitted constitute a good ground of action or defense. By this it is not to be understood that everything contained in the pleading demurred to, no matter what be its character, is admitted to be true, but only that the effect of the demurrer is to concede such matters *of fact as are issuable and well pleaded.*"

The function of a demurrer is stated in Maryland Rule 345, which also requires that a demurrer state in detail the question of law or insufficiency of substance upon which it is founded. A demurrer may not introduce and rely upon facts not already in the record,[2] nor may it raise an issue of fact. A defense of *res judicata* is raised under a plea or pleas in bar.[3] Maryland Rule 342, §§ b. 2. and c. 2. (g). See also Rule

---

2. Such a pleading is known as a speaking demurrer. Black's Law Dictionary (4th ed. rev.) says, at 520:

"A *speaking* demurrer is one which, in order to sustain itself, requires the aid of a fact not appearing on the face of the pleading objected to, or, in other words, which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection and is condemned both by the common law and the code system of pleading."

3. Once the pleadings are such as to make the defense of *res judicata* available, its resolution is not for the jury, but for the court as a question of law. The question should be presented to the court by a properly supported motion for summary judgment, under Rule 610, or by an application for a separate trial of an issue of law, under Rule 502. In Doug-Dun Corporation v. Simms, 31 Md. App. 350, 357 A. 2d 392 (1976), we noted the possibility that an issue of *res judicata* may be raised by demurrer, citing Moodhe v. Schenker, 176 Md. 259, 4 A. 2d 453 (1939). But this could occur only when

T42. The demurrer filed by appellants was properly overruled.

> *Order of removal, and all proceedings thereafter vacated.*
>
> *Case remanded to the Circuit Court for Baltimore County, to be returned to the Circuit Court for Anne Arundel County for further proceedings.*
>
> *Costs to be paid one half by appellants and one half by appellees.*

---

the allegations of the pleading demurred to are sufficient to permit resolution of the issue.